# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

JOE HAND PROMOTIONS, INC.,

            Plaintiff,

    vs.

JAMIE L. POGGE, individually, and as an officer, director, shareholder, member and/or principal of The Burlington League, LLC d/b/a The Burlington League; and THE BURLINGTON LEAGUE, LLC,

            Defendants.

**8:18CV446**

**ORDER**

      This matter is before the Court on Plaintiff's Motion to Compel Initial Disclosures and Responses to Discovery Requests (Filing No. 20). Defendants did not respond to the motion.

      Pursuant to the January 18, 2019, Final Progression Order, the deadline to serve initial mandatory disclosures was January 25, 2019. (Filing No. 17). On March 21, 2019, counsel for Plaintiff emailed defense counsel regarding Defendants' outstanding initial disclosures and requested they promptly be provided. (Filing No. 20-3). Plaintiff states it has not received Defendants' mandatory disclosures nor has defense counsel responded to emails regarding the status of their mandatory disclosures. (Filing No. 20 at p. 3).

      On February 22, 2019, Plaintiff served Defendants with its Request for Premises Inspection, Requests for Production, Requests for Admissions, and Interrogatories. (Filing No. 20-2). On March 25, 2019, counsel for Plaintiff spoke to defense counsel on the telephone regarding their outstanding responses to Plaintiff's discovery requests. According to Plaintiff, defense counsel stated his paralegal was supposed to take care of it. (Filing No. 20 at p. 2). Plaintiff has filed the instant motion to compel Defendants to serve their mandatory disclosures and to respond to the outstanding discovery requests, and requests appropriate fees and costs.

      A party must serve answers, responses, and any objections to properly served interrogatories, requests for production, and requests for admissions within thirty days of service. See Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3). Additionally, the Court ordered the parties to serve their initial disclosures described in Fed. R. Civ. P. 26(a)(1) by January 25, 2019. (Filing No. 17). Based on the record before the Court, Defendants have failed to respond to discovery requests and failed to serve initial disclosures. Defendants did not request any extensions of time to provide discovery

1

responses, did not provide any reason for the failure to respond to discovery, and filed no response to this motion to compel. In consideration of the above, the Court finds that Plaintiff's motion to compel should be granted.

Plaintiff also requests appropriate sanctions, including reasonable attorney fees, associated with filing the instant motion. Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel disclosure or discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Plaintiff's counsel certifies he attempted in good faith to obtain Defendants' mandatory disclosures and discovery responses before filing the present motion. (Filing No. 20 at p. 7). Defendants' failure to serve mandatory disclosures and discovery responses required Plaintiff to file a motion to compel. Therefore, the Court shall, after providing Defendants with a chance to respond, grant Plaintiff's reasonable expenses for filing this motion, unless Defendants show substantial justification for the failure to provide the disclosures or that other circumstances would make an award of expenses unjust. See Fed. R. Civ. P. 37(a)(5). Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel Initial Disclosures and Responses to Discovery Requests (Filing No. 20) is granted.

2. Pursuant to Fed. R. Civ. P. 36(a)(3), Defendants are deemed to have admitted to the matters in Plaintiff's Requests for Admissions.

3. On or before **April 26, 2019**, Defendants shall serve Plaintiff with their Rule 26(a)(1) mandatory disclosures and file a certification of the service pursuant to NECivR 26.1, and shall serve responses to Plaintiff's Request for Premises Inspection, Request for Production, and Interrogatories, without objections.

4. Defendants shall have until **April 24, 2019**, to show cause why Plaintiff's reasonable expenses incurred in filing this motion, including the award of attorneys' fees under Rule 37, should not be imposed.

Dated this 10th day of April, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge